IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT CARNELL, #14194-025, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-00463-JPG |
| ) | |
| WILLIAMSON COUNTY SHERIFF ) | |
| and U.S. MARSHALS SERVICE, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Scott Carnell, an inmate at St. Clair County Jail ("Jail"), brings this action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the Complaint, Plaintiff claims that he was attacked by a fellow inmate at Williamson County Jail. (Doc. 1, pp. 6-7). Although he was placed in isolation for seven days after the assault, Plaintiff was attacked a second time. (*Id*.). At some point, Plaintiff wrote to his attorney and the U.S. Marshals Service to request a transfer, but he does not indicate what response he received from them. (*Id*. at 7). He now seeks monetary relief. (*Id*. at 8).

The Complaint is before the Court for review 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**Discussion**

Based on the allegations summarized above, the Court designates two (2) counts in the *pro se* Complaint:

**Count 1:** Defendants failed to protect Plaintiff from one or more inmate assaults at the Jail, in violation of Plaintiff's rights under the Eighth or Fourteenth Amendment.

**Count 2:** Defendants denied Plaintiff medical treatment for injuries he sustained in one or more inmate assaults at the Jail, in violation of Plaintiff's rights under the Eighth or Fourteenth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[1]

**Discussion**

The correct analytical framework for both claims depends on Plaintiff's status as a pretrial detainee or convicted person when his claims arose. The Fourteenth Amendment's objective unreasonableness standard governs a pretrial detainee's claims of unconstitutional conditions of confinement and denial of medical care. *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (applying objective unreasonableness standard to a variety of conditions-of-confinement claims, including claim of inadequate medical care); *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (applying objective unreasonableness standard to excessive force claim of pretrial detainee). The Eighth Amendment deliberate indifference standard applies to a convicted person's claims. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (failure-to-protect claim); *Estelle v. Gamble*, 429

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

U.S. 97 (1976) (medical claims). To state a claim under both standards pursuant to *Bivens* or 42 U.S.C. § 1983, Plaintiff must set forth allegations demonstrating each defendant's personal involvement in or responsibility for a constitutional deprivation. *West v. Atkins*, 487 U.S. 42 (1988); *McCree v. Sherrod*, 408 F. App'x 990 (7th Cir. 2011).

The sheriff is not mentioned in the statement of claim. It is therefore impossible to determine what, if anything, this defendant did to violate Plaintiff's rights. Having offered no description of the warden's role in Plaintiff's assaults or inadequate medical care, Counts 1 and 2 shall be dismissed without prejudice against this defendant for failure to state a claim.

The U.S. Marshals Service is mentioned in the statement of claim, but Plaintiff offers no context for his claims against this defendant. It is unclear when he notified this defendant of the first and second assault and whether there was time to protect him from a subsequent assault. It is also unclear whether he informed this defendant of his injuries and requested medical care. Finally, Plaintiff should have named an individual—not an entire agency—in connection with his claim. He could use a generic reference ("John/Jane Doe") if uncertain of the identity of the specific individual(s) who denied him protection and medical care. Counts 1 and 2 shall be dismissed against the U.S. Marshals Service for failure to state a claim.

For these reasons, the Complaint does not survive preliminary review and shall be dismissed without prejudice for failure to state a claim. Plaintiff will have an opportunity to file a First Amended Complaint, if he wishes to pursue his claims in this case. The Court reminds Plaintiff that a successful complaint generally alleges "the who, what, when, where, and how. . . ." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, the First Amended Complaint should identify who violated Plaintiff's constitutional rights by name, if known, and should include a description of how Plaintiff's rights were violated. If Plaintiff does not know the

names of these individuals, he can refer to them by Doe designation (*e.g.*, John/Jane Doe). Additionally, Plaintiff must name each defendant in the case caption and reference him/her in the body of the First Amended Complaint.

## Disposition

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNTS 1** and **2** against Defendants **WILLIAMSON COUNTY SHERIFF** and **U.S. MARSHALS SERVICE** are **DISMISSED** without prejudice.

**IT IS ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff describes no efforts to contact counsel on his own before seeking the Court's assistance and provides no reason why he is unable to represent himself in this action. Plaintiff may renew his request by filing a new motion, after first contacting three or more attorneys or firms to request representation in this matter. He should attach copies of all written correspondence sent to or received from these attorneys / firms to a new motion or provide a list of each attorney's name, date(s) contacted, and description of the response(s) he received.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **September 7, 2021**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. He should also list this case number on the first page (*i.e.*, Case No. 21-cv-463-JPG). The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint and whether he is granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint <u>and</u> a standard motion for recruitment of counsel for use in submitting a request for an attorney, if his efforts to locate one are unsuccessful.

**IT IS SO ORDERED.**

**DATED: 8/3/2021**

5

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
